IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Michelle Elizabeth Ballington, | ) | C/A No. 3:12-1604-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Internal Revenue Service, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Michelle Elizabeth Ballington ("Ballington"), a self-represented litigant, filed this action for a tax refund pursuant to 28 U.S.C. § 1346(a)(1) to obtain a first-time homebuyer tax credit under I.R.C. § 36. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion for summary judgment. (ECF No. 37.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Ballington of the summary judgment and dismissal procedures and the possible consequences if she failed to respond adequately to the defendant's motion. (ECF No. 38.) Ballington responded (ECF No. 42), and the defendant replied (ECF No. 46). Having reviewed the parties' submissions and the applicable law, the court finds that the defendant's motion should be granted.

**BACKGROUND**

Ballington filed this action seeking a refund of $8,000.00 in federal income tax for 2010. Ballington alleges that she overpaid her income tax for that year based on her assertion that she is entitled to the "first-time homebuyer credit" described in I.R.C. § 36 for her 2010 purchase of real

property located at 124 Hunters Mill Court, West Columbia, South Carolina ("Hunters Mill property").

## DISCUSSION

### A.  Summary Judgment Standard

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial.  See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322.  Further, while the federal court is charged with liberally construing a

complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Ballington's Claims**

The defendant argues that Ballington is not entitled to the credit because at the time she purchased the Hunters Mill property: (1) she had a present ownership interest in real property located at 100 Lanchire Street, Lexington, South Carolina ("Lanchire property"); and (2) she was still married to Chad Shoemaker, and his ownership interest in the Lanchire property is imputed to her.

The record demonstrates that the Lanchire property was purchased in October 2007, at which time Ballington and Chad Shoemaker were married. Ballington alleges that Chad Shoemaker was the sole purchaser of this property and his name was the only name on the mortgage because she was in an active bankruptcy at that time. However, regardless of which individuals were listed on the mortgage, loan documentation, or escrow paperwork, the deed executed October 26, 2007 to the Lanchire property states that it grants title to "CHAD SHOEMAKER and MICHELLE E. SHOEMAKER,[1] **to hold as joint tenants with right of survivorship and not as tenants in common**." (ECF No. 37-3) (emphasis in original). On April 29, 2010, Ballington executed a quit-claim deed on the Lanchire property to Chad Shoemaker. (ECF No. 37-4.) The undisputed evidence also demonstrates that the Lanchire property was Ballington's principal residence from November 2007 to March 2010. Finally, the record demonstrates that Ballington purchased the Hunters Mill

---

[1] Ballington was formerly known as Michelle E. Shoemaker.



property on March 2, 2010 and that Ballington's divorce became final on May 21, 2010, when the final divorce decree was entered.  See S.C. Code Ann. § 62-2-802(c).

Section 36(a) of the Internal Revenue Code provides that "[i]n the case of an individual who is a first-time homebuyer of a principal residence in the United States during a taxable year, there shall be allowed as a credit against the tax imposed by this subtitle for such taxable year an amount equal to 10 percent of the purchase price of the residence."  This section further defines "first-time homebuyer" as "any individual if such individual (and if married, such individual's spouse) had no present ownership interest in a principal residence during the 3-year period ending on the date of the purchase of the principal residence to which this section applies."  I.R.C. § 36(c)(1).

The court concludes that based on the unrefuted evidence, Ballington possessed an ownership interest in the Lanchire property, her principal residence, during the three-year period prior to purchasing the Hunters Mill property.  See S.C. Code Ann. § 27-7-40 (providing that "whenever any deed of conveyance of real estate contains the names of the grantees followed by the words 'as joint tenants with rights of survivorship, and not as tenants in common' the creation of a joint tenancy with rights of survivorship in the real estate is conclusively deemed to have been created" and describing such ownership).  Moreover, even if Ballington did not possess an ownership interest in the Lanchire property, her spouse at the time she purchased the Hunters Mill property possessed an ownership interest in a principal residence during the prior three-year period.  Accordingly, Ballington does not qualify for the first-time homebuyer credit as defined in § 36 and the defendant is entitled to summary judgment as a matter of law.

PJG

## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendant's motion for summary judgment be granted (ECF No. 37) and, in light of this recommendation, Ballington's motion for a hearing be denied (ECF No. 44).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 26, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).